UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                    Case No. 18-13119-cgm
                                                          Chapter 13

KATHRYN J DALLAM
aka KATHRYN DALLAM

Debtor
-----------------------------------------------------------X

**AFFIRMATION IN SUPPORT** OF **MOTION SEEKING ORDER (I) AUTHORIZING AND APPROVING CONTRACT OF SALE OF DEBTOR'S REAL PROPERTY PURSUANT TO §363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004; (ii) AUTHORIZING AND APPROVING THE PAYMENT OF CERTAIN PRE-PETITION SECURED OBLIGATIONS AND RELATED CLOSING COSTS INCLUDING THE EARNED BROKER'S COMMISSION AND ATTORNEY'S LEGAL FEES AT THE CLOSING; (iii) GRANTING PURCHASER GOOD FAITH PURCHASER STATUS PURSUANT TO §363(m) OF THE BANKRUPTCY CODE; AND WAIVING THE FOURTEEN-DAY STAY OF SAID ORDER AS REQUIRED UNDER BANKRUPTCY RULE 6004 (H)**

TO THE HONORABLE CECILIA G. MORRIS , U.S. BANKRUPTCY JUDGE

        KATHRYN J DALLAM aka KATHRYN DALLAM the above captioned debtor (the "Debtor"), by her attorneys, Chern Law LLC as and for her application for an 0rder (i) authorizing and approving contract of sale of debtor's real property pursuant to §363 of the bankruptcy code and bankruptcy rule 6004; (ii) authorizing and approving the payment of certain pre-petition secured obligations and related closing costs including the earned broker's commission and attorney's legal fees at the closing; (iii) granting purchaser good faith purchaser status pursuant to §363(m) of the bankruptcy code; and (iv) waiving the fourteen-day stay of said order as required under bankruptcy rule 6004 (h), together with such other and further relief as this court determines is proper, respectfully represents as follows:

**BACKGROUND**

        1. Debtor commenced this case by the filing of a Chapter 13 petition on October 15, 2018.

        2. The Chapter 13 plan confirmed on March 14, 2019 proposed to pay all creditors in full. As of this date, the estimated balance due under the plan, exclusive of the trustee's commission, is $17,432.07.

        3. At the filing of the petition, the Debtor listed the property located at 2729 Morgan Avenue, Bronx New York 10469 at a value of $514,000.00. The property was secured by a mortgage owed to Wilmington Savings Bank, currently serviced by Carrington Mortgage Services, LLC ("Carrington") in the amount of $233,435.62, The US Department of Housing and Urban Development ("HUD") had a second lien in the amount of $81,817.44 and a statutory lien held ny

NYC DEP for water charges in the amount of $3900.00 (See Exhibit A.)

4. On November 4th 2022, an Order was entered lifting the automatic stay in favor of Carrington. Prior to the filing, there was a pending foreclosure action in the Supreme Court, Bronx County. With the stay having been lifted, the foreclosure action can resume in the state court.

5. On or about June 16, 2022, the Debtor retained the services of EXP Realty for the purposes of marketing the property for sale. The initial asking price was $649,900.00. After 5 months on the market, the Debtor received and accepted an offer of $480,000.00 from potential Purchasers Abunoman Rahman and Shahanara Begum, ("Purchasers") to sell the property. The Parties entered into a contract of sale on December 2, 2022, (the"Contract"). (See Exhibit B).

## BASIS FOR RELIEF

6. Pursuant to 11 U.S.C. Section 363(b)(1), the Debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary court of business, property of the estate."

7. Fed. R. Bankr. P. 6004(f)(1) further provides that "All sales not in the ordinary course of business may be by private sale or by public auction." Debtor proposes to sell the property by private sale.

8. Debtor submits this Application for authority to sell the property pursuant to the terms of the Contract entered in on December 2, 2022 free and clear of all liens claims. and encumbrances, pursuant to Sections 363(b) and (f) of the Bankruptcy Code and Bankruptcy Rule 6004.

9. Section 363(b)(1) of the Bankruptcy Code provides in pertinent part, as follows:

> "The trustee after notice and a hearing may use sell or least other than in the ordinary course of business property of the estate...."

10. Accordingly, Bankruptcy Rule 6004 (f)(1) specifically addresses the procedures required for a private sale as contemplate herein and provides as follows:

(f)(1) Private or private sale

> All sales not in the ordinary course of business may be by private sale or by public auction.

11. _In re Integrated Resources Inc_.135 B.R. 746 (Bankr. S.D.N.Y 1992, aff'd 147 B.R. 650 (S.D.N.Y 1992), provides the Court with a standard by which to evaluate such a sale: " When a Debtor desires to sell an asset its main responsibility, and the primary concern of the bankruptcy court, is the maximization of the value of the asset sold." 750 _id_.

12. After approximately 5 months on the market and a number of reductions in the selling price, Debtor believes that the current offer of $480,000.00 is the best offer she will receive.

13. The approximate payoff amount for the mortgage and HUD liens is $296,423.04 (See Exhibit C). This private sale will ensure that the secured lienholders will receive more than they

would at a possible sale at auction.  The proceeds after payment of said liens will be approximately $183,000.00, which is more than sufficient to satisfy, the broker's commissions, closing costs, attorneys fees and the payoff of the Chapter 13 plan.

### SALE FREE AND CLEARS OF ALL LIENS, CLAIMS AND ENCUMBRANCES

14.   Section 363(f) of the Code provides that a Debtor in possession may sell property free and clear  of liens, claims and encumbrances , with any such encumbrances attaching to the net proceeds of the sale, if any one the following conditions is satisfied.

(1) applicable non-bankruptcy law permits the sale of such property free and clear of such interest;

(2) the lien holder or claim holder consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) the lien holder or claim holder could be compelled, in a legal or equitable proceeding, o accept a money satisfaction of such interest.
            .

15.   As stated above, the selling price of the property is $480,000.00 whereas the aggregate value of all liens is $296,423.03.  Thus satisfying condition 3 as set forth above.

### REQUEST FOR APPROVAL AND AUTHORIZATION TO PAY CERTAIN PRE-PETITION SECURED DEBTS AND CLOSING COSTS SUCH AS BROKERS COMMISSION AND ATTORNEYS FEES

16. At closing Debtor intends to satisfy the Mortgage liens on the property as well as Brokers' commissions, closing costs and attorney's fees.

17. Outside of the bankruptcy process, it is customary for the seller in a real estate transaction to pay a variety of charges at closing including  but not limited to, payoff of the mortgage and  other liens, outstanding  real estate taxes, water charges, transfer taxes and any other contractual adjustments.

18.  Because the Debtor will be unable to close if certain pre-petition secured debts and claims are not paid at the time of closing, Debtor seeks authority to pay such charges as may be required at closing pursuant to 11 U.S.C. §105 and §363(b).

19. Debtor seeks approval to pay the following expenses at closing to : (i) Carrington Mortgage Services LLC in the amount of $214,766.33; US Department  of Housing and Urban

development in the amount of $81,656.70[1] ; estimated broker fees $28,800.00; (iii) other closing costs including but not limited to Attorney's Legal fees transfers taxes title charges and any outstanding pre and post petition real estate taxes and water charges.

20. After the costs necessary to close the sale are paid, Debtor expects to set aside sufficient funds to make a final lump sum payment to the Chapter 13 Trustee for the completion of the Chapter 13 plan, currently estimated at $17,432.07 plus trustee's commission. (See Exhibit D).

## GOOD FAITH PURCHASER STATUS

21. Section 363(m) of the Bankruptcy Code provides as follows:

> " the reversal or modification on a appeal of an authorization under subsection (f) or (c ) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authority to an entity that purchased or leased such property in good faith whether or not such entity knew of the pendency of the appeal, unless such authorization and sale or lease were stayed pending appeal."

22. Debtor respectfully requests that the Court enter an Order granting the proposed Purchasers " Good Faith Purchaser" status pursuant to Section 363(m) of the Bankruptcy Code.

23. The Purchasers have negotiated, by and through their respective counsel and entered into the Contract in good faith and at arms-length with the Debtor. The proposed Purchasers are third parties unrelated to the Debtor. They are not "insiders" of the Debtor within the meaning of §101 (31) of the Bankruptcy Code and are not controlled by or acting on behalf of an insider of the Debtor or the Debtor herself.

24. As such Debtor submits that the Purchasers have taken part in the contemplated sale transaction in a manner consistent with granting them "Good faith Purchaser" status and the protections attaching thereto.

## WAIVER OF THE FOURTEEN DAY STAY UNDER
## BANKRUPTCY RULE 6004(H)

25. Pursuant to Bankruptcy Rule 6004(h), all orders authorizing the sale of property pursuant to Section 363 of the Code are automatically stayed fourteen days after entry of such order, unless the court orders otherwise.

26. Debtor requests that the court grant such a waiver in this instance. Waiving the fourteen-day stay is necessary to permit Debtor to conclude the sale as expeditiously as possible.

27. The automatic stay has been lifted, the property was in foreclosure prior to the filing and the Debtor would like to conclude the sale before the resumption of foreclosure proceeding with the additional costs and fees that may be added to the payoff amount as a result.

---

[1]Payoff amounts are as of 12/1/2022 and will be minimally adjusted once the closing date is set.

28.  The Purchasers are ready to close as soon as approval is granted.  It is hoped that the sale can take place on January 19th, 2023.  Debtor does not which to lose the Purchasers.

29.  In view of the fact that the mortgage and liens on this property will be paid in full as well as plan will be paid in full and completed early, means that there will be no prejudice to creditors if the sale is concluded as soon as practicable after the court approves the sale.

## NOTICE

30.  Notice of the within motion and the supporting documents shall be provided by first class mail to all creditors, the Chapter 13 Trustee and the United States Trustee.   TheDebtor respectfully submits that such notice is good and sufficient under the circumstances and satisfies the requirements of Bankruptcy Rule 2002.

**WHEREFORE**,  it is respectfully requested that the Court enter an Order (i)  authorizing Debtor to sell the property located 2729 Morgan Avenue, Bronx, New York 10459 free and clear of all liens, claims and encumbrances, pursuant to 11 U.S.C.§§  363(b) and (f); (ii) authorizing and approving the payment of certain pre-petition secured obligations and related closing costs, including the earned Broker's commission, closing costs and attorneys fees at the closing; (iii) granting Purchasers "Good Faith Purchaser"status pursuant to§363(m) of the Bankruptcy Code, (iv) waiving the 14 day stay of the Order pursuant to Bankruptcy Rule 6004(h) together with  such other and  further relief as this Court deems just and proper.

Dated: New York, New York
      December 13, 2022

Chern Law PLLC

*/s/ Lorna J LaMotte*
By: Lorna J LaMotte, Esq.
Attorneys for Debtor
1120 Avenue of the Americas, Ste 4064
New York, New York 10036
(212) 430-6516
lorna.lamotte@yahoo.com